# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

Nos. 97-1794EA, 97-1855EA, 97-2394EA, 97-2406EA

_____

|  |  |  |
|---|---|---|
| _____ | * | |
|  | * | |
| No. 97-1794EA | * | |
| _____ | * | |
|  | * | |
| Little Rock School District, | * | |
|  | * | |
| Plaintiff - Appellee, | * | |
|  | * | |
| Servicemaster Management Services, | * | |
|  | * | |
| Intervenor Plaintiff, | * | |
|  | * | |
| Blytheville School District; Bryant | * | On Appeal from the United |
| School District; Fort Smith School | * | States District Court |
| District; West Memphis School District; | * | for the Eastern District |
| Altus-Denning School District; | * | of Arkansas. |
| Ashdown School District; Barton-Lexa | * | |
| School District; Batesville School | * | |
| District; Biggers-Reyno School District; | * | |
| Black Rock School District; Bright Star | * | |
| School District; Brinkley School | * | |
| District; Centerpoint School District; | * | |
| Clarendon School District; Cotton Plant | * | |
| School District; Cutter Morning Star | * | |
| School District; Dewitt School District; | * | |
| Dollarway School District; Foreman | * | |
| School District; Fountain Lake School | * | |
| District; Gillett School District; Glen | * | |
| Rose School District; Guy-Perkins | * | |
| School District; Hoxie School District; | * | |

Jonesboro School District; Kirby     *
School District; Lavaca School District; *
Lewisville School District; Magazine     *
School District; Malvern School     *
District; Mammoth Spring School     *
District; Manila School District;     *
Maynard School District; Oden School     *
District; Ozark School District;     *
Plainview-Rover School District;     *
Pocahontas School District; Prairie     *
Grove School District; South Conway     *
School District; Spring Hill School     *
District; Stamps School District;     *
Stephens School District; Turrell     *
School District; Van Buren School     *
District; Warren School District;     *
Watson Chapel School District;     *
West Fork School District; White Hall     *
School District; Winslow School     *
District; Wonderview School District;     *
Yellville-Summit School District; Alma *
School District; Alread School District;     *
Beebe School District; Bentonville     *
School District; Bergman School     *
District; Berryville School District;     *
Blevins School District; Booneville     *
School District; Bradford School     *
District; Buffalo Island School District;     *
Caddo Hills School District; Carthage     *
School District; Charleston School     *
District; Corning School District;     *
County Line Public School District;     *
Crossett School District; Decatur     *
School District; Dermott School     *
District; Dumas School District;     *
Elaine School District; Fordyce School     *
District; Gosnell School District;     *

Grady School District; Greeb County Technical Schools; Green Forest School District; Greenland School District; Greenwood School District; Harrisburg School District; Hamburg School District; Holly Grove School District; Huttig School District; Jackson County School District; Junction City School District; Lakeside School District; Lead Hill School District; Leslie School District; Marion School District; Marshall School District; Mayflower School District; McGehee School District; Mountainburg School District; Nettleton School District; Newport School District; Ola School District; Paragould School District; Parkin School District; Pleasant View School District; Quitman School District; Rural Special School District; Saratoga School District; Searcy School District; Smackover School District; Southside School District #2 Bee Branch; Strong School District; Stuttgart School District; Valley Spring School District; Waldron School District; Weiner School District; Wickes School District; and Wynne School District;

        Intervenor Plaintiffs - Appellants,

North Little Rock Classroom Teachers Association; Pulaski Association of Classroom Teachers; Little Rock Classroom Teachers Association; Ed Bullington; Khayyam Davis;

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

-3-

John Harrison; Alvin Hudson; Tatia
Hudson; Milton Jackson; Lorene
Joshua; Leslie Joshua; Stacy Joshua;
Wayne Joshua; Katherine Knight;
Sara Facen; Derrick Miles; Janice
Miles; John M. Miles; NAACP;
Joyce Person; Brian Taylor; Hilton
Taylor; Parsha Taylor; Robert
Willingham; and Tonya Willingham,

         Intervenor Plaintiffs,

     v.

North Little Rock School District; and
Pulaski County Special School District,

         Defendants - Appellees,

State of Arkansas,

         Defendant,

Office of Desegregation Monitor,

         Claimant,

Northeast Arkansas School District,

         Movant,

--------------------------------------------

Dale Charles; Robert L. Brown, Sr.;
Gwen Hevey Jackson; Diane Davis;
and Raymond Frazier,

         Plaintiffs,

-4-

v.                                          *
                                            *
Pulaski County Board of Education;          *
Patricia Gee, Individually and in Her       *
Official Capacity as a Member of the        *
Board of Education of the Little Rock       *
School District, a Public Body;             *
George Cannon, Dr., Individually and        *
in His Official Capacity as Member of       *
the Board of Education of the Little         *
Rock School District, a Public Body;        *
Katherine Mitchell, Dr., Individually       *
and in Her Official Capacity as a           *
Member of the Board of Education of         *
the Little Rock School District, a          *
Public Body; W.D. Hamilton, also            *
known as Bill Hamilton, Individually        *
and in His Official Capacity as a           *
Member of the Board of Education of         *
the Little Rock School District, a          *
Public Body; Cecil Bailey, Individually    *
and in His Official Capacity as a           *
Member of the Pulaski County Board          *
of Education, a Public Corporate;           *
Thomas Broughton, Individually and          *
in His Official Capacity as a Member        *
of the Pulaski County Board of              *
Education, a Public Corporate; and          *
Martin Zoldessy, Dr., Individually and      *
in His Official Capacity as a Member        *
of the Pulaski County Board of              *
Education, a Public Corporate,              *
                                            *
        Defendants,                         *
                                            *
Arkansas Department of Education,           *
                                            *
        Respondent.                         *

_____

No. 97-1855EA

_____

Little Rock School District,                          *
                                                      *
        Plaintiff - Appellee,                         *
                                                      *
Servicemaster Management Services;                    *
Blytheville School District; Bryant                   *
School District; Fort Smith School                    *
District; West Memphis School District; *
Altus-Denning School District;                        *
Ashdown School District; Barton-Lexa                  *
School District; Batesville School                    *
District; Biggers-Reyno School District; *    On Appeal from the United
Black Rock School District; Bright Star  *    States District Court
School District; Brinkley School              *    for the Eastern District
District; Centerpoint School District;        *    of Arkansas.
Clarendon School District; Cotton Plant  *
School District; Cutter Morning Star          *
School District; Dewitt School District;      *
Dollarway School District; Foreman            *
School District; Fountain Lake School         *
District; Gillett School District; Glen       *
Rose School District; Guy-Perkins             *
School District; Hoxie School District;       *
Jonesboro School District; Kirby              *
School District; Lavaca School District; *
Lewisville School District; Magazine          *
School District; Malvern School               *
District; Mammoth Spring School               *
District; Manila School District;             *
Maynard School District; Oden School          *
District; Ozark School District;              *
Plainview-Rover School District;              *
Pocahontas School District; Prairie           *

Grove School District; South Conway School District; Spring Hill School District; Stamps School District; Stephens School District; Turrell School District; Van Buren School District; Warren School District; Watson Chapel School District; West Fork School District; White Hall School District; Winslow School District; Wonderview School District; Yellville-Summit School District; Alma School District; Alread School District; Beebe School District; Bentonville School District; Bergman School District; Berryville School District; Blevins School District; Booneville School District; Bradford School District; Buffalo Island School District; Caddo Hills School District; Carthage School District; Charleston School District; Corning School District; County Line Public School District; Crossett School District; Decatur School District; Dermott School District; Dumas School District; Elaine School District; Fordyce School District; Gosnell School District; Grady School District; Greeb County Technical Schools; Green Forest School District; Greenland School District; Greenwood School District; Harrisburg School District; Hamburg School District; Holly Grove School District; Huttig School District; Jackson County School District; Junction City School District; Lakeside School District; Lead Hill School District; Leslie School District; Marion School

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

District; Marshall School District; *
Mayflower School District; McGehee *
School District; Mountainburg School *
District; Nettleton School District; *
Newport School District; Ola School *
District; Paragould School District; *
Parkin School District; Pleasant View *
School District; Quitman School *
District; Rural Special School *
District; Saratoga School District; *
Searcy School District; Smackover *
School District; Southside School *
District #2 Bee Branch; Strong School *
District; Stuttgart School District; *
Valley Spring School District; *
Waldron School District; Weiner *
School District; Wickes School *
District; Wynne School District; *
North Little Rock Classroom Teachers *
Association; Pulaski Association of *
Classroom Teachers; Little Rock *
Classroom Teachers Association; *
Ed Bullington; Khayyam Davis; *
John Harrison; Alvin Hudson; Tatia *
Hudson; Milton Jackson; Lorene *
Joshua; Leslie Joshua; Stacy Joshua; *
Wayne Joshua; Katherine Knight; *
Sara Facen; Derrick Miles; Janice *
Miles; John M. Miles; NAACP; *
Joyce Person; Brian Taylor; Hilton *
Taylor; Parsha Taylor; Robert *
Willingham; and Tonya Willingham, *
                                      *
            Intervenor Plaintiffs,    *
                                      *
      v.                              *

North Little Rock School District; and        *
Pulaski County Special School District,       *
                                              *
        Defendants - Appellees,               *
                                              *
State of Arkansas,                            *
                                              *
        Defendant,                            *
                                              *
Office of Desegregation Monitor,              *
                                              *
        Claimant,                             *
                                              *
Northeast Arkansas School District,           *
                                              *
        Movant,                               *
                                              *
--------------------------------------------  *
                                              *
Dale Charles; Robert L. Brown, Sr.;           *
Gwen Hevey Jackson; Diane Davis;              *
and Raymond Frazier,                          *
                                              *
        Plaintiffs,                           *
                                              *
        v.                                    *
                                              *
Pulaski County Board of Education;            *
Patricia Gee, Individually and in Her         *
Official Capacity as a Member of the          *
Board of Education of the Little Rock         *
School District, a Public Body;               *
George Cannon, Dr., Individually and          *
in His Official Capacity as Member of         *
the Board of Education of the Little           *
Rock School District, a Public Body;          *
Katherine Mitchell, Dr., Individually         *
and in Her Official Capacity as a             *

Member of the Board of Education of    *
the Little Rock School District, a    *
Public Body; W.D. Hamilton, also    *
known as Bill Hamilton, Individually    *
and in His Official Capacity as a    *
Member of the Board of Education of    *
the Little Rock School District, a    *
Public Body; Cecil Bailey, Individually    *
and in His Official Capacity as a    *
Member of the Pulaski County Board    *
of Education, a Public Corporate;    *
and Thomas Broughton, Individually    *
and in His Official Capacity as a    *
Member of the Pulaski County Board    *
of Education, a Public Corporate;    *
   *

         Defendants,    *
   *

Arkansas Department of Education,    *
   *

         Respondent - Appellant,    *
   *

Martin Zoldessy, Dr., Individually and    *
in His Official Capacity as a Member of    *
the Pulaski County Board of Education,    *
a Public Corporate,    *
   *

         Defendant.    *
   *

     _____    *
   *

     No. 97-2394EA    *
     _____    *
   *

Little Rock School District,    *
   *

         Plaintiff - Appellee,    *
   *

-10-

Servicemaster Management Services; *
Blytheville School District; Bryant *
School District; Fort Smith School *
District; West Memphis School District; *
Altus-Denning School District; *
Ashdown School District; Barton-Lexa *
School District; Batesville School *
District; Biggers-Reyno School District; *
Black Rock School District; Bright Star *
School District; Brinkley School *
District; Centerpoint School District; *
Clarendon School District; Cotton Plant *
School District; Cutter Morning Star *
School District; Dewitt School District; *
Dollarway School District; Foreman *
School District; Fountain Lake School *   On Appeal from the United
District; Gillett School District; Glen *   States District Court
Rose School District; Guy-Perkins *   for the Eastern District
School District; Hoxie School District; *   of Arkansas.
Jonesboro School District; Kirby *
School District; Lavaca School District; *
Lewisville School District; Magazine *
School District; Malvern School *
District; Mammoth Spring School *
District; Manila School District; *
Maynard School District; Oden School *
District; Ozark School District; *
Plainview-Rover School District; *
Pocahontas School District; Prairie *
Grove School District; South Conway *
School District; Spring Hill School *
District; Stamps School District; *
Stephens School District; Turrell *
School District; Van Buren School *
District; Warren School District; *
Watson Chapel School District; *
West Fork School District; White Hall *

-11-

School District; Winslow School       *
District; Wonderview School District;     *
Yellville-Summit School District; Alma *
School District; Alread School District;   *
Beebe School District; Bentonville      *
School District; Bergman School       *
District; Berryville School District;      *
Blevins School District; Booneville      *
School District; Bradford School       *
District; Buffalo Island School District;   *
Caddo Hills School District; Carthage    *
School District; Charleston School      *
District; Corning School District;       *
County Line Public School District;     *
Crossett School District; Decatur       *
School District; Dermott School       *
District; Dumas School District;        *
Elaine School District; Fordyce School    *
District; Gosnell School District;       *
Grady School District; Greeb County     *
Technical Schools; Green Forest       *
School District; Greenland School      *
District; Greenwood School District;     *
Harrisburg School District; Hamburg     *
School District; Holly Grove School     *
District; Huttig School District; Jackson *
County School District; Junction City    *
School District; Lakeside School       *
District; Lead Hill School District;      *
Leslie School District; Marion School    *
District; Marshall School District;      *
Mayflower School District; McGehee     *
School District; Mountainburg School    *
District; Nettleton School District;      *
Newport School District; Ola School     *
District; Paragould School District;      *
Parkin School District; Pleasant View    *
School District; Quitman School       *

-12-

District; Rural Special School
District; Saratoga School District;
Searcy School District; Smackover
School District; Southside School
District #2 Bee Branch; Strong School
District; Stuttgart School District;
Valley Spring School District;
Waldron School District; Weiner
School District; Wickes School
District; Wynne School District;
North Little Rock Classroom Teachers
Association; Pulaski Association of
Classroom Teachers; Little Rock
Classroom Teachers Association;
Ed Bullington; Khayyam Davis;
John Harrison; Alvin Hudson; Tatia
Hudson; Milton Jackson; Lorene
Joshua; Leslie Joshua; Stacy Joshua;
Wayne Joshua; Katherine Knight;
Sara Facen; Derrick Miles; Janice
Miles; John M. Miles; NAACP;
Joyce Person; Brian Taylor; Hilton
Taylor; Parsha Taylor; Robert
Willingham; and Tonya Willingham,

          Intervenor Plaintiffs,

     v.

North Little Rock School District; and
Pulaski County Special School District,

          Defendants - Appellees,

State of Arkansas,

          Defendant,

Office of Desegregation Monitor,      *

                           *

            Claimant,            *

                           *

Northeast Arkansas School District,    *

                           *

            Movant,             *

                           *

-------------------------------------------    *

                           *

Dale Charles; Robert L. Brown, Sr.;    *

Gwen Hevey Jackson; Diane Davis;     *

and Raymond Frazier,              *

                           *

            Plaintiffs,          *

                           *

        v.                   *

                           *

Pulaski County Board of Education;    *

Patricia Gee, Individually and in Her   *

Official Capacity as a Member of the    *

Board of Education of the Little Rock   *

School District, a Public Body;         *

George Cannon, Dr., Individually and   *

in His Official Capacity as Member of   *

the Board of Education of the Little     *

Rock School District, a Public Body;    *

Katherine Mitchell, Dr., Individually    *

and in Her Official Capacity as a       *

Member of the Board of Education of    *

the Little Rock School District, a       *

Public Body; W.D. Hamilton, also      *

known as Bill Hamilton, Individually    *

and in His Official Capacity as a        *

Member of the Board of Education of    *

the Little Rock School District, a       *

Public Body; Cecil Bailey, Individually  *

and in His Official Capacity as a        *

Member of the Pulaski County Board         *
of Education, a Public Corporate;          *
and Thomas Broughton, Individually         *
and in His Official Capacity as a          *
Member of the Pulaski County Board         *
of Education, a Public Corporate;          *
                                           *
            Defendants,                     *
                                           *
Arkansas Department of Education,          *
                                           *
            Respondent - Appellant,         *
                                           *
Martin Zoldessy, Dr., Individually and     *
in His Official Capacity as a Member of    *
the Pulaski County Board of Education,     *
a Public Corporate,                        *
                                           *
            Defendant.                       *
                                           *
         _____                      *
                                           *
         No. 97-2406EA                       *
         _____                      *
                                           *
Little Rock School District,               *
                                           *
            Plaintiff - Appellee,           *
                                           *
Servicemaster Management Services,         *
                                           *
            Intervenor Plaintiff,           *
                                           *
Blytheville School District; Bryant        *
School District; Fort Smith School         *
District; West Memphis School District;    *
Altus-Denning School District;             *
Ashdown School District; Barton-Lexa       *

School District; Batesville School     *
District; Biggers-Reyno School District; *
Black Rock School District; Bright Star *
School District; Brinkley School     *
District; Centerpoint School District;     *
Clarendon School District; Cotton Plant *
School District; Cutter Morning Star     *
School District; Dewitt School District; *
Dollarway School District; Foreman     *
School District; Fountain Lake School     *
District; Gillett School District; Glen     *
Rose School District; Guy-Perkins     *
School District; Hoxie School District; *
Jonesboro School District; Kirby     *
School District; Lavaca School District; *
Lewisville School District; Magazine     *
School District; Malvern School     *     On Appeal from the United
District; Mammoth Spring School     *     States District Court
District; Manila School District;     *     for the Eastern District
Maynard School District; Oden School     *     of Arkansas.
District; Ozark School District;     *
Plainview-Rover School District;     *
Pocahontas School District; Prairie     *
Grove School District; South Conway     *
School District; Spring Hill School     *
District; Stamps School District;     *
Stephens School District; Turrell     *
School District; Van Buren School     *
District; Warren School District;     *
Watson Chapel School District;     *
West Fork School District; White Hall *
School District; Winslow School     *
District; Wonderview School District; *
Yellville-Summit School District; Alma *
School District; Alread School District; *
Beebe School District; Bentonville     *
School District; Bergman School     *
District; Berryville School District;     *

Blevins School District; Booneville School District; Bradford School District; Buffalo Island School District; Caddo Hills School District; Carthage School District; Charleston School District; Corning School District; County Line Public School District; Crossett School District; Decatur School District; Dermott School District; Dumas School District; Elaine School District; Fordyce School District; Gosnell School District; Grady School District; Greeb County Technical Schools; Green Forest School District; Greenland School District; Greenwood School District; Harrisburg School District; Hamburg School District; Holly Grove School District; Huttig School District; Jackson County School District; Junction City School District; Lakeside School District; Lead Hill School District; Leslie School District; Marion School District; Marshall School District; Mayflower School District; McGehee School District; Mountainburg School District; Nettleton School District; Newport School District; Ola School District; Paragould School District; Parkin School District; Pleasant View School District; Quitman School District; Rural Special School District; Saratoga School District; Searcy School District; Smackover School District; Southside School District #2 Bee Branch; Strong School District; Stuttgart School District; Valley Spring School District;

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

Waldron School District; Weiner
School District; Wickes School
District; and Wynne School District,

        Intervenor Plaintiffs - Appellants,

North Little Rock Classroom Teachers
Association; Pulaski Association of
Classroom Teachers; Little Rock
Classroom Teachers Association;
Ed Bullington; Khayyam Davis;
John Harrison; Alvin Hudson; Tatia
Hudson; Milton Jackson; Lorene
Joshua; Leslie Joshua; Stacy Joshua;
Wayne Joshua; Katherine Knight;
Sara Facen; Derrick Miles; Janice
Miles; John M. Miles; NAACP;
Joyce Person; Brian Taylor; Hilton
Taylor; Parsha Taylor; Robert
Willingham; and Tonya Willingham,

        Intervenor Plaintiffs,

    v.

North Little Rock School District; and
Pulaski County Special School District,

        Defendants - Appellees,

State of Arkansas,

        Defendant,

-18-

Office of Desegregation Monitor,       *
                                      *

            Claimant,               *
                                      *

Northeast Arkansas School District,  *
                                      *

            Movant,                *
                                      *

-------------------------------------------  *
                                      *

Dale Charles; Robert L. Brown, Sr.;  *
Gwen Hevey Jackson; Diane Davis;   *
and Raymond Frazier,              *
                                      *

            Plaintiffs,             *
                                      *

       v.                        *
                                      *

Pulaski County Board of Education;  *
Patricia Gee, Individually and in Her  *
Official Capacity as a Member of the  *
Board of Education of the Little Rock  *
School District, a Public Body;      *
George Cannon, Dr., Individually and *
in His Official Capacity as Member of *
the Board of Education of the Little  *
Rock School District, a Public Body;  *
Katherine Mitchell, Dr., Individually  *
and in Her Official Capacity as a    *
Member of the Board of Education of  *
the Little Rock School District, a    *
Public Body; W.D. Hamilton, also    *
known as Bill Hamilton, Individually  *
and in His Official Capacity as a    *
Member of the Board of Education of  *
the Little Rock School District, a    *
Public Body; Cecil Bailey, Individually *
and in His Official Capacity as a    *

Member of the Pulaski County Board    *
of Education, a Public Corporate; and    *
Thomas Broughton, Individually and    *
in His Official Capacity as a Member    *
of the Pulaski County Board of    *
Education, a Public Corporate;    *
   *
       Defendants,    *
   *
Arkansas Department of Education,    *
   *
       Respondent,    *
   *
Martin Zoldessy, Dr., Individually and    *
in His Official Capacity as a Member of    *
the Pulaski County Board of Education,    *
a Public Corporate,    *
   *
       Defendants.    *

_____

Submitted: February 24, 1998
Filed: July 1, 1998

_____

Before RICHARD S. ARNOLD,[1] Chief Judge, HEANEY and WOLLMAN, Circuit
     Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

---

[1]The Hon. Richard S. Arnold stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on April 17, 1998. He has been succeeded by the Hon. Pasco M. Bowman II.

In these appeals we are asked once again to interpret certain provisions of the agreement by which the parties to the Pulaski County, Arkansas, school-desegregation case settled their dispute. The question presented is whether changes made by the State of Arkansas in the funding of retirement and health insurance for teachers violated that agreement. The Little Rock School District, the Pulaski County Special School District, and the North Little Rock School District (which we shall collectively call "the districts") claim that by making the changes in question the State violated undertakings it made in the settlement agreement. The District Court, Susan Webber Wright, J., held for the districts on summary judgment. We affirm.

I.

This case has to do with two important categories of school operating expenses: contributions for teacher retirement and employees' health insurance. When the parties agreed to settle this case, in 1989, the extant system of school funding by the State of Arkansas provided for direct payment by the State of both of these categories of costs. The General Assembly appropriated funds earmarked for these purposes. These funds were separate from another, larger, appropriation for general State aid to public school districts, generally known as Minimum Foundation Program Aid (MFPA). We shall call this system of funding, under which the State separately paid for teacher retirement and health insurance, the Act 34 system, after Act 34 of 1983 (Ex. Sess.), codified as Ark. Code Ann. §§ 6-20-301 et seq. (Michie Repl. 1993) (repealed in large part 1995).

In 1995, the General Assembly enacted a new system of school funding. Separate appropriations for teacher retirement and health insurance were no longer made. Each local school district, including the districts involved in this case, was required to pay its own contributions for teacher retirement, Act 1194 of 1995, § 13, codified as Ark. Code Ann. § 24-7-103 (Michie Repl. 1996), and health insurance, Act 1194 of 1995, § 14, codified as Ark. Code Ann. § 6-17-1117 (Michie Supp. 1997).

Districts began to receive their State aid in one large pot, so to speak, combining what had been called MFPA with funds that under the previous system had been earmarked for teacher retirement and health insurance. (There were refinements and exceptions to this system, but our general description is sufficient for present purposes.) Under Act 917 of 1995, codified as Ark. Code Ann. §§ 6-20-301 et seq. (Michie Supp. 1997) -- the Equitable School Finance System Act of 1995, this new general fund was apportioned among the several districts in accordance with two main criteria: the number of pupils, called Average Daily Membership (ADM), and the wealth of the districts, with poorer districts getting relatively more money, in order to reduce the disparity in per-pupil expenditures between the poorer and the wealthier districts across the State. This change was made in response to a decision of the Chancery Court of Pulaski County, Arkansas, which had held the disparity in funding violative of the State Constitution. Lake View Sch. Dist. v. Tucker, No. 92-5318 (Pulaski Co., Ark., Ch. Ct., Nov. 9, 1994).

The difficulty with this change, from the point of view of the three Pulaski County districts, was that it affected, to their disadvantage, the basis on which funds from the State would be available to them for teacher-retirement and health-insurance purposes. These districts, as we shall explain further later in this opinion, are "employee heavy." They have proportionally more employees, including teachers, than they have pupils, when compared with school districts generally throughout the State. This is so at least partly because of special desegregation obligations imposed on the districts by the settlement agreement. Funds distributed according to a formula heavily influenced by ADM, therefore, are not so great as they would be if the earlier system, which simply funded retirement and health insurance for all employees, generally speaking, had been continued. During fiscal year 1995-96, the sum total of State aid received by the districts was more, in absolute dollar terms, than it had been in 1994-95 under the Act 34 system, but it was less than it would have been had the Act 34 system, including earmarked funding for retirement and health insurance, been retained.

It is now time to describe the provisions of the settlement agreement that, according to the districts, were violated by these changes. Two sections of the agreement are principally at issue,[2] Sections II.E and II.L. The relevant part of Section II.E reads as follows:

> In addition to any payment described elsewhere in this agreement, the State will continue to pay the following costs:
>
> *     *     *
>
> (6) The State's share of any and all programs for which the Districts now receive State funding.

Section II.L reads as follows:

> The State shall take no action (including the enactment of legislation) for the purpose of retaliating against the Districts (including retaliatory failure to increase State aid and retaliatory reduction in State aid) because of

---

[2]NLRSD argues that the State's actions also violate Section II.F, NLRSD Br. at 17-18. This section reads as follows, in pertinent part:

> The State will not exclude the Districts from any compensatory education, early childhood development, or other funding programs or discriminate against them in the development of such programs or distribution of funds under any funding programs.

This provision may actually fit the present case better than Sections II.E and II.L, which are the focus of the District Court's opinion and most of the parties' arguments. We are affirming largely on the basis of the District Court's reasoning, however, so we need not pursue the applicability of Section II.F.

-23-

this Litigation or this settlement. The State will enact no legislation which has a substantial adverse impact on the ability of the Districts to desegregate. Fair and rational adjustments to the funding formula which have general applicability but which reduce the proportion of State aid to any of the Districts shall not be considered to have an adverse impact on the desegregation of the Districts.

The District Court held, in brief, that teacher-retirement and health-insurance funding, as they existed under the former system of public school financing, were "programs" within the meaning of Section II.E. The funding formula for such programs, the Court said, citing our opinion in Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist., 83 F.3d 1013 (8th Cir. 1996), could be adjusted in a way that is generally applicable to all districts, but only if the adjustment is "fair and rational," in the words of Section II.L. The changes at issue are not "fair and rational" in the present context because they work to the disadvantage of the three districts. The new funding scheme does not take into account the number of employees, but only ADM and the districts' wealth. The three districts are "employee heavy," as we said in Little Rock Sch. Dist., supra, 83 F.3d at 1018. The changes in funding for teacher retirement and health insurance therefore violate the settlement agreement, the Court held.

II.

The State, acting through the Arkansas Department of Education, appeals. The Alma School District and 110 other districts from all parts of the State, also appeal, having been allowed by the District Court to intervene for this purpose. The intervenors are apprehensive that if the three Pulaski County districts win, securing additional funding for themselves, the State money going to the intervenor districts will be reduced. (This is not necessarily true, but we understand why the intervenors feel they have an interest to protect.)

-24-

Appellants' first argument is that it was error to grant summary judgment because there were genuine issues of material fact that needed to be tried. The first such fact, the State says, is whether funds specifically earmarked for teacher retirement and health insurance are now being distributed as part of the new system of Equalization Funding. We cannot see why this "fact" - if it really is a fact, instead of just a description of a legislative change in how the State distributes aid to local school districts - is important or material. The essential nature of the change is undeniable. The State used to pay separately for teacher retirement and health insurance, and it did so on a basis that necessarily took into account the number of each district's employees. Money still goes to the districts that may be used for these purposes, but the amount has been folded into the over-all Equalization Funding system, and it no longer has anything to do with numbers of employees. As the District Court phrased it, "items like teacher retirement and health insurance, which were previously paid directly by the State, were put into one large pool." Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist., No. LR-C-82-866, slip op. 9 (E.D. Ark., memorandum opinion and order filed Feb. 18, 1997). Whether this change is characterized as a complete abandonment of State aid for teacher retirement and health insurance, or simply as a change in the way the State chooses to fund these programs (a description which seems more realistic to us) is not important to the result in this case.

The second fact the State claims was in genuine dispute was whether the new funding system distributes funds on a "pure" per-student, or ADM, basis. The State says the districts took that position in the District Court, whereas in fact the new funding system is based not only on ADM but also the wealth of each individual district. In our view, it does not matter what position the districts took below. The important question is on what basis the District Court acted, and that Court clearly did not think or say that the new system was based only on ADM. "[T]he new funding scheme," the Court said, "is based upon ADM, equalized by the wealth of the district." Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist., No. LR-C-82-866, slip op. 5 (E.D. Ark., memorandum opinion and order filed Apr. 22, 1997) (emphasis supplied).

-25-

The key point is not whether the new system is based only on ADM, but that it gives no weight at all to numbers of employees.

So we agree with the District Court that there were no genuine issues of material fact. That being so, was it right to enter judgment for the districts as a matter of law? We think the answer is yes. To begin with, there is no doubt that the teacher-retirement and health-insurance funding systems in effect at the time the settlement agreement was signed, in 1989, are "programs" within the meaning of Section II.E. In Little Rock Sch. Dist., supra, 83 F.3d at 1017-18, we held that the State's payment of workers' compensation costs was such a "program," and we see no way to distinguish the present case. Our opinion in that case points the way towards the proper solution of the present appeal. There, we had before us two distinct actions of the State: first, a decision to discontinue entirely State payments for workers' compensation for employees of school districts, and, second, the State's decision to distribute, as an interim measure, certain sums as "seed money" to help school districts make the transition to paying their own workers' compensation costs. We held that the first decision did not violate the settlement agreement, but that the second one did. Explaining this result, we said:

> [W]e do not believe that the State's action regarding the "program" necessarily violates the Settlement Agreement. The program in effect at the time of the Settlement Agreement, as we see it, was equal State funding of workers' compensation for all school districts. Thus, the State can change its funding scheme for workers' compensation, so long as the change is, in the words of the Settlement Agreement, "fair and rational" and of "general applicability."

> We see this portion of the Settlement Agreement as an anti-retaliation clause. Its purpose, by its very words, is to prevent the State from cutting other programs in order to pay for its desegregation commitments. If, for example, the

State had passed a statute decreasing or eliminating workers' compensation payments for the settling districts only, while maintaining its system of paying the costs to other school districts, this portion of the Settlement Agreement would clearly have been offended. The State did not do that, however. Rather, it changed the funding formula for all districts in the State. So long as that change affects all districts to the same degree, it does not run afoul of the Settlement Agreement.

That, however, does not end our inquiry. When the State disbursed "seed money" to help school districts make the transition to paying their own workers' compensation costs, it paid about one-half of the expense statewide. In the Pulaski County districts, it paid only about one-third of the expense. This disparity arose because the State's formula used enrollment rather than number of employees to determine how much money each district would receive. The Pulaski County districts are employee heavy compared to other districts, increasing their workers' compensation costs. This result is precisely what the anti-retaliation clause was meant to prevent. It funds the Pulaski County districts to a lesser degree than other districts in the state. It is of no moment that the State reached this result in a mathematically consistent manner. The District Court correctly held that the State must disburse seed money to the Pulaski County districts in the same percentage as it does statewide.

83 F.3d at 1018.

Thus, we read Sections II.E and II.L together, in an attempt to make sense out of them as a unified whole. The State's discontinuance of payment for workers' compensation, because it was made on an even-handed basis and applicable generally to all school districts, was, in our judgment, not a violation of paragraph II.E. Reading E and L together, we took the view that the State could discontinue a funding program

if it did so in a generally applicable manner and on a fair and rational basis.[3]  The State's reason for changing its full, no-questions-asked funding of workers' compensation was to give the individual school districts a financial incentive to reduce workers' compensation premiums, by paying more attention to safety in the workplace, for example.  This purpose, combined with the fact that the change affected all school districts equally, convinced us that the change did not violate Section II.E.  In effect, we read the last part of Section II.L, referring to "[f]air and rational adjustments to [a] . . . funding formula which have general applicability . . . ," as modifying not only the specific prohibitions of Section II.L, but also the provisions of Section II.E(6).

With this previous opinion in mind, we agree with the District Court that the actions taken by the State in the present case closely resemble the "seed money" issue in the previous case.  "Seed money" disbursed by the State covered about one-half of workers' compensation costs statewide, while paying only about one-third of this expense for the three Pulaski County districts.  The new funding system for teacher-retirement and health-insurance costs produces the same sort of disparity, though the exact amount of the disparity is open to debate.  Because the three Pulaski County districts are "employee heavy," as noted above, when compared to school districts in Arkansas generally, the State funds they are now receiving cover proportionally less of their teacher-retirement and health-insurance costs.  The District Court explained the

---

[3]On the present appeal, NLRSD argues that we were wrong in so interpreting Section II.E.  NLRSD brief at 22-23.  In NLRSD's view, Section II.E is a free-standing, independent requirement.  The State must continue to pay its share of any and all programs in existence at the time of the settlement agreement, whatever its reasons for desiring to change them, and whatever the effect of such changes.  Certainly this is one way to read the agreement, and a plausible way, at that.  We did not so interpret Sections II.E and II.L in our previous decision, however, and that decision has become the law of this case.  We do not choose to reexamine it.  We have power to do so, but the arguments now advanced against our prior interpretation do not seem to us sufficiently compelling to enable us to describe our prior opinion as egregiously wrong or unjust, and some such description would be necessary to avoid the law-of-the-case doctrine.

matter in terms we find persuasive. We quote from the Court's order on teacher retirement, but the language applies equally to health insurance:

> The Court thus finds that there is no genuine factual dispute that instead of directly funding each district based upon the number of employees, the State has included funds for teacher retirement in the new funding scheme which distributes funds on a per ADM basis equalized by the wealth of the district. Just as the workers' compensation "seed money" formula worked to the detriment of the employee-heavy Pulaski County school districts, so too does the distribution of teacher retirement contributions through the new funding formula give the districts less money to fund teacher retirement. While the three Pulaski County school districts may fare better under the new funding scheme from a state aid perspective, there is no question that the amount of their teacher retirement funding, previously directly funded by the State based upon the eligible salaries paid to their employees, will be reduced and result in unequal state funding.

> There is a difference between the State's decision not to fund workers' compensation and to end direct state funding of teacher retirement. The rationale concerning workers' compensation was that the shift of responsibility to the school districts would prompt them to take measures to reduce their workers' compensation costs. Although the State argues the same rationale applies concerning teacher retirement, there are factors, including desegregation obligations, beyond the control of school districts which dictate the number of employees and salaries of teachers. For example, the LRSD desegregation plan obligates the district to implement a four-year-old program, to staff incentive schools with instructional aides, theme specialists, computer aides, art teachers, physical education teachers, social workers, counselors, auxiliary teachers, media specialists, and supervision aides, among many others. The

magnet and interdistrict schools require additional staff such as theme and curriculum specialists. In the PCSSD, numerous positions are required to fulfill desegregation plan obligations, such as home school counselors, curriculum coordinators, theme specialists, and staffing for its desegregation division, such as an assistant superintendent and director of desegregation. Likewise, the NLRSD incurs expenditures as a direct result of the requirements of the desegregation plan, such as an assistant superintendent for desegregation, reading tutors and support personnel, HIPPY staffing and support, computer technicians, junior and senior high remedial reading, and homebound teachers. Thus, it is clear that the districts are not in a position to control their teacher retirement costs in the sense that the districts might control workers' compensation costs.

Little Rock Sch. Dist. supra, slip op. at 9-11 (memorandum opinion and order filed February 18, 1997) (footnote omitted).

For these reasons, we agree with the District Court that the changes in state funding at issue in this case did violate the settlement agreement. In reaching this conclusion, we are mindful that Judge Wright has been responsible for administering and interpreting the settlement agreement for some time now, ever since 1990, when she took over this case. Our review of the District Court's interpretation of the settlement agreement is, as a formal matter, de novo. But we still think it appropriate to pay some heed to the reasoned determinations of the experienced District Judge, who faces decisions in this case every month, if not every week. The orders granting summary judgment on the teacher-retirement and health-insurance issues will be affirmed.

On remand, it will be up to the District Court, in the first instance, to decide exactly what relief is appropriate. The three Pulaski County districts should be placed in a position no worse than they would have occupied if the previous system of funding

for teacher retirement and health insurance had not been changed.  This does not mean that these districts are entitled to receive both an amount equivalent to what  the old system would have produced for teacher retirement and health insurance, and the whole amount now paid to them as Equalization Funding.  Such a result would be double recovery, a windfall.  But the districts are entitled to be held harmless against any adverse effect of the funding change.  This means that it will be up to the District Court, after appropriate submissions from the parties, to calculate, as near as may be, the difference between what the old system -- MFPA plus teacher retirement plus health insurance -- would have produced, and what the new system -- Equalization Funding in one lump sum -- is producing.  The appellants suggest that this effort will necessarily involve speculation.  Admittedly it cannot be exact, but we believe that the District Court can make a reasonable and informed estimate.

The orders appealed from are affirmed, and the cause remanded to the District Court for further proceedings consistent with this opinion.

It is so ordered.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-31-